357 S.E.2d 782

**In the MATTER OF Magistrate
Vivian M. SAFFLE.**

**No. 17277.**

Supreme Court of West Virginia.

June 5, 1987.

Ernest V. Morton, Jr., Webster Springs, for appellant.

Charles R. Garten, Charleston, for appellee.

PER CURIAM:

This judicial disciplinary proceeding arises from a complaint filed with the Judicial Hearing Board by the Judicial Investigation Commission charging Magistrate Vivian M. Saffle with violations of Canon 3A(1), (4) and (5) and Canon 3B(1) and (2) of the Judicial Code of Ethics. Following a hearing on the merits, the Hearing Board recommended that the complaint be dismissed. After an independent review of the record, we agree with the Board's recommendation to this court as to the charge of improper recordkeeping, but disagree with regard to the magistrate's failure to appear for an initial appearance.

The first charge involved a failure to make an appropriate entry in the case number register. The testimony indicated that this entry was customarily made by the magistrate clerk and she had simply forgotten to make the entry. There was nothing that implicated the magistrate in this incident and the Board was correct in dismissing this charge.

Our disagreement with the Board is over its dismissal of the second charge which involved the failure of the magistrate to appear for an initial appearance involving a person arrested for driving under the influence of alcohol (DUI). The Board's findings of facts are that the magistrate was not made aware of the charge by the arresting officer.

This finding, however, ignores the testimony of the arresting officer, a Michael W. Brady, who testified that he had called the magistrate at her home shortly after 1:00 a.m. on April 30, 1982, to advise her of the arrest. This testimony was supported by Deputy Timothy Grounds who was acting as the jailer when Officer Brady brought the driver in. Deputy Grounds attempted to call the magistrate by telephone at home. He then radioed a Deputy Eddie Skidmore to contact the magistrate by radio pager and have her call. Deputy Grounds testified that he informed the magistrate when she called in of the DUI charge. He stated she inquired about the results of the breathalyzer and then asked to speak to the driver. Deputy Grounds stated the magistrate did not come in for an initial appearance and advised him to keep the driver for awhile and then release him in the custody of a friend.

■ In reaching its recommendation of dismissal, the Judicial Hearing Board relied primarily upon Syllabus Point 4 of *In Re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1984), which provides:

"Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding 'must be proved by clear and convincing evidence.' "

*See also* Syllabus Point 2, *Matter of Harshbarger*, 173 W.Va. 206, 314 S.E.2d 79 (1984). However, our responsibility with respect to a recommendation from the Judicial Hearing Board is clear, as we held in the single Syllabus of *Matter of Gorby*, 176 W.Va. 11, 339 S.E.2d 697 (1985):

" 'The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings.' Syl. pt. 1, *West Virginia Judicial Inquiry Commission v. Dostert*, [165 W.Va. 233] 271 S.E.2d 427 (W.Va. 1980)."

*See also* Syllabus Point 1, *In re Markle*, 174 W.Va. 550, 328 S.E.2d 157 (1984); Syllabus Point 1, *In Re Pauley*, 173 W.Va. 475, 318 S.E.2d 418 (1984).

Our independent evaluation of the record compels the conclusion that sufficient evidence was presented to clearly and convincingly demonstrate misconduct in violation of the magistrate's adjudicative responsibilities, which are contained in W.Va.Code, 62–1–6,[1] and involve initial appearance procedures. Both the arresting officer and the deputy sheriff at the jail testified that the magistrate was informed that the defendant had been charged with a DUI offense which required an initial appearance.

The magistrate testified to the effect that she was not apprised of the DUI charge and believed the charge was public intoxication which would permit a release to a friend or family member. *State ex rel. Harper v. Zegeer*, 170 W.Va. 743, 296 S.E.2d 873 (1982). Consequently, the magistrate maintains she had no obligation to appear to have the driver appear before her.

From a factual standpoint, we believe the evidence clearly preponderates against her story. Both officers corroborate each other with regard to informing the magistrate that it was a DUI offense. Furthermore, she knew from Officer Brady that a breathalyzer had been taken on the driver since

1. W.Va.Code, 62–1–6, provides:
"The justice [magistrate] shall in plain terms inform the defendant of the nature of the complaint against him, of his right to counsel and, if the offense is to be presented for indictment, of his right to have a preliminary examination. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. He shall provide the defendant reasonable means to communicate with an attorney or with at least one relative or other person for the purpose of obtaining counsel or arranging bail. The defendant shall not be committed to jail or removed from the county of arrest until he has had a reasonable opportunity to confer with counsel or to arrange bail. He may be detained under such security measures as the circumstances warrant. If the defendant is unable to provide bail or if the offense is unbailable, he shall be committed to jail."

she asked about the results of the test. It was a known practice that breathalyzer tests were given for DUI charges and not for public intoxication charges.

 We have in a series of cases beginning with *State v. Mason*, 162 W.Va. 297, 249 S.E.2d 793 (1978), and *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261 (1982), recognized that it is the duty of an arresting officer to bring those arrested before a magistrate so that they can be arraigned and properly informed of their rights. We said in *In Re Pauley*, 173 W.Va. at 478, 318 S.E.2d at 421, that "W.Va.Code, 62-1-6, is couched in mandatory language and imposes a legal duty on magistrates to comply with its requirements." In Syllabus Point 2 of *Pauley*, we said:

"The deliberate failure to follow mandatory criminal procedures constitutes a violation of the Judicial Code of Ethics."

Thus, we find that there was clear and convincing evidence to demonstrate that the magistrate was informed of the arrest of the driver for a DUI charge and failed to discharge her mandatory duty to appear and advise him of his rights at an initial appearance. Such neglect merits a public reprimand.

Public Reprimand.